**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH  AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; and JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND and TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND, | C.A. No. |
|           Plaintiffs, | |
|           vs. | |
| S.O.S. CORPORATION, FIELDSTONE ENTERPRISES, INC., SOS DISASTER RESTORATION AND BUILDING, INC., CYNTHIA OLDFIELD, FREDERICK OLDFIELD, and BRENT A. OLDFIELD, <br>           Defendants, and | |
| BOND BROS., INC., CHAPMAN WATERPROOFING CO., COSTELLO DISMANTLING CO., INC., COMMODORE BUILDERS CORP., CONSIGLI CONSTRUCTION CO., INC., CWC CONSTRUCTION, INC., DIMEO CONSTRUCTION COMPANY, G. GREENE CONSTRUCTION CO., INC., GILBANE BUILDING COMPANY, JOHN MORIARTY ASSOCIATES, INC., SUFFOLK CONSTRUCTION COMPANY, INC., WALSH BROTHERS, INCORPORATED, and WILLIAM A. BERRY & SON, INC., <br>           Reach and Apply Defendants. | |

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of collective bargaining agreements and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund.  The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.      Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund.  The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.      Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund.  The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a

defined contribution fund.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.    Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund.  The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.    Plaintiff James V. Merloni, Jr. is also a Trustee of the Massachusetts Laborers' Legal Services Fund.  The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

8.    The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreements between Defendant S.O.S. Corporation and the Massachusetts Laborers' District Council ("MLDC").

9.    Defendant S.O.S. Corporation (hereinafter "SOS") is a Massachusetts corporation with a principal place of business at 331 West Street, Milford, Massachusetts 01757, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Cynthia Oldfield of 246 Congress Street, Milford, Massachusetts is President, Treasurer, Secretary, and

Director of SOS.  SOS is certified by the State Office of Minority and Women Business

Assistance and listed in the SOMWBA directory as:

> S O S Corporation
> Ms. Cindy Oldfield
> 331 West Street, Milford, MA 01757
> Type:  WBE
> Phone:  (508) 473-0466 Fax:  (508) 478-4049
> Construction Cleaning, Window Washing, Selective Interior Demolition

10.     Defendant Fieldstone Enterprises, Inc. (hereinafter "Fieldstone") is a

Massachusetts corporation with a principal place of business at 331 West Street, Milford,

Massachusetts 01757 and is an employer engaged in commerce within the meaning of §3(5) and

(12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29

U.S.C. §185.  As of March 12, 2011, Cynthia Oldfield was Treasurer of Fieldstone, her son

Brent A. Oldfield was President and Director of Fieldstone, and her husband Frederick Oldfield,

Jr. was Secretary of Fieldstone

11.     On March 28, 2011, Defendant Fieldstone changed its name to SOS Disaster

Restoration and Building, Inc.  ("SOS Disaster").  As of that time, Frederick Oldfield is listed as

occupying the offices of President, Treasurer, Secretary, and Director of SOS Disaster.

Defendant SOS Disaster is a Massachusetts corporation with a principal place of business at 331

West Street, Milford, Massachusetts 01757 and is an employer engaged in commerce within the

meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of

§301 of the LMRA, 29 U.S.C. §185.,

12.     Defendant Cynthia Oldfield is an individual residing at 246 Congress Street,

Milford, Massachusetts 01757.

13.     Defendant Brent A. Oldfield is an individual residing at 5 Caroline Drive,

Milford, Massachusetts 01757.

14.     Defendant Frederick Oldfield, Jr. is an individual residing at 246 Congress Street, Milford, Massachusetts 01757.

15.     SOS uses Fieldstone and/or SOS Disaster to pay employees who work as laborers on SOS jobs.

16.     Defendant Cynthia Oldfield paid SOS employees on the Fieldstone payroll in order to evade SOS's obligations to remit benefit contributions to the Funds.  On information and belief, Defendants Brent Oldfield and Frederick Oldfield paid employees on the Fieldstone payroll in order to evade SOS's obligations to remit benefit contributions to the Funds.  On information and belief, Defendants Cynthia Oldfield, Brent Oldfield, and Frederick Oldfield have paid SOS employees on the SOS Disaster payroll in order to evade SOS's obligations to remit contributions to the Funds.

17.     Fieldstone is an alter ego of SOS.  On information and belief, SOS Disaster is an alter ego of SOS.

18.     On information and belief, Defendants Cynthia Oldfield, Brent Oldfield, and Frederick Oldfield have disregarded the corporate veil between themselves and their companies SOS, Fieldstone, and SOS Disaster in order to defraud the Funds.

19.     Reach and Apply Defendant Bond Bros., Inc. is a Massachusetts corporation with a principal place of business at 145 Spring Street, Everett, Massachusetts 02149 and, on information and belief, owes money to the Defendants.

20.     Reach and Apply Defendant Chapman Waterproofing Co. is a Massachusetts corporation with a principal place of business at 395 Columbia Rd., Boston, MA 02125 and, on information and belief, owes money to the Defendants.

21.     Reach and Apply Defendant Costello Dismantling Co., Inc. is a Massachusetts corporation with a principal place of business at 2 Rocky Gutter St, Middleboro, Massachusetts 02346 and, on information and belief, owes money to the Defendants.

22.     Reach and Apply Defendant Commodore Builders Corp. is a Massachusetts corporation with a principal place of business at 80 Bridge St., Newton, Massachusetts 02458 and, on information and belief, owes money to the Defendants.

23.     Reach and Apply Defendant Consigli Construction Co., Inc. is a Massachusetts corporation with a principal place of business at 72 Summer St., Milford, Massachusetts 01757 and, on information and belief, owes money to the Defendants.

24.     Reach and Apply Defendant CWC Construction Company is a Massachusetts corporation with a principal place of business at 43 Captain Preston Rd., Dennis, Massachusetts 02638 and, on information and belief, owes money to the Defendants.

25.     Reach and Apply Defendant Dimeo Construction Company is a Rhode Island corporation with a principal place of business at 75 Chapman St., Providence, Rhode Island 02905 and, on information and belief, owes money to the Defendants.

26.     Reach and Apply Defendant G. Greene Construction Co., Inc. is a Massachusetts corporation with a principal place of business at 250 Lincoln St., Allston, Massachusetts 02134 and, on information and belief, owes money to the Defendants.

27.     Reach and Apply Defendant Gilbane Building Company is a Rhode Island corporation with a principal place of business at 7 Jackson Walkway, Providence, Rhode Island 02903 and a place of business at 60 State Street, Boston, Massachusetts 02109 and, on information and belief, owes money to the Defendants.

28.     Reach and Apply Defendant John Moriarty Associates, Inc. is a Massachusetts corporation with a principal place of business at 3 Church Street, Winchester, Massachusetts 01890 and, on information and belief, owes money to the Defendants.

29.     Reach and Apply Defendant Suffolk Construction Company, Inc.  is a Massachusetts corporation with a principal place of business at 65 Allerton Street, Boston, MA 02119 and, on information and belief, owes money to the Defendants.

30.     Reach and Apply Defendant Walsh Brothers Incorporated is a Massachusetts corporation with a principal place of business at 210 Commercial Street #3, Boston, MA 02109 and, on information and belief, owes money to the Defendants.

31.     Reach and Apply Defendant William A. Berry & Son, Inc.. is a Massachusetts corporation with a principal place of business at 99 Conifer Hill Drive, Danvers, Massachusetts, 01923 and, on information and belief, owes money to the Defendants.

## FACTS

32.     On or about April 10, 1990, SOS signed an Acceptance of Agreements and Declarations of Trust (hereinafter "Acceptance of Agreements"), in which it agreed to be bound by the terms of the Agreements by and between the Associated General Contractors Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. and the Massachusetts Laborers' District Council ("MLDC"), on behalf of its affiliates of the Laborers' International Union of North America, all said Agreements being effective from June 1, 1988 to May 31, 1991, and any successor agreements between the parties. A copy of the Acceptance of Agreements is attached hereto as Exhibit A.

33.     Because of the Acceptance of Agreements, SOS is party to the collective bargaining agreement called the Building and Site Agreement between the MLDC and

Associated General Contractors Association of Massachusetts, Inc. and Building Trades

Employers' Association of Boston and Eastern Massachusetts, Inc. (hereinafter "CBA").  Copies

of the relevant pages of the 2004 - 2008 and 2008 - 2012 CBAs are attached hereto as Exhibits B

and C, respectively.

34.     By signing the Acceptance of Agreements, binding it to the CBAs, SOS agreed to

subscribe to and be bound by the Agreements and Declarations of Trust of Plaintiff Funds.  See

Ex. B at 22-26; Ex. C at 21-27.

35.     The CBAs require employers to remit contributions to each of the Plaintiff Funds

"for each hour worked by each employee, covered by the terms of this Agreement," at rates set

forth in Appendix A.  Id.  The CBAs also require employers to remit contributions to the New

England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management

Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the

Massachusetts Laborers' Unified Trust.  Id. at 22, 27-29; 22, 23, 25-30.  Contributions are due

by the 20th of the month following the month in which work was performed.  Employers that are

delinquent in the payment of contributions are to be charged interest on the delinquency at the

rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the

delinquency, and reasonable attorneys' fees and costs of the action to collect the delinquency.

Id. at 30-31.

36.     By certified letter dated April 19, 1990, the Funds notified SOS of its obligation

to remit contributions for all work performed by its laborer employees.  The letter states, "As

you know, your collective bargaining agreement applies to all laborers' work as set forth in that

collective bargaining agreement which is performed by employees of your company.  There is no

exception for, or exclusion of, work that is performed on residential work, "small" jobs, so-

called non-union jobs where other contractors on the job do not have union contracts.  All of this work is covered by, and included in the contract with the Massachusetts Laborers' District Council.  The contract covers all laborer employees whether they have joined the union or not. The contract covers all employees performing laborers' jurisdiction work whether they are family members, college students or anyone else that you may employ that does not seem to be the usual laborer from the union hall."  A copy of that letter is attached hereto as Exhibit D.

37.     The payment of contributions for all hours worked by all Fund participants is crucial to the financial integrity of all the Funds.  The Funds have a minimum requirement of 1,000 hours for participants to obtain pension benefits and Plan A health and welfare benefits and 700 hours for participants to obtain Plan B health and welfare benefits.  Once contributions have been remitted for an employee for 700 to 1,000 hours of work in a 12-month qualifying period, that employee is entitled to benefits for a six-month increment of eligibility.  As employers continue to remit contributions, the Funds continue to post the number of hours for the participant so that the participant receives credit toward the participant's pension and health and welfare eligibility.  The Funds could not provide all of the benefits currently provided to participants if all participants worked no more than 1,000 hours in any calendar year.

38.     It has come to the Funds' attention that Defendants SOS and Cynthia Oldfield, Brent Oldfield, and Frederick Oldfield regularly employed laborers on SOS jobs but did not include all of those laborers' hours on SOS payroll records and did not remit contributions to the Funds for the missing hours.

39.     The Funds have confirmed that SOS and its alter egos Fieldstone and SOS Disaster repeatedly failed to report all of the hours worked by laborers on SOS jobs and failed to remit contributions on their behalf for all the hours they worked.

40.     Defendants SOS, Cynthia Oldfield, Brent Oldfield, and Frederick Oldfield employ laborers on construction projects, including, for example, recent projects at Liberty Mutual Berkeley Street, Boston Medical Center, Charlton Memorial Hospital, Cape Cod Hospital, Old Colony Avenue development, and Bridgewater State College.  SOS is awarded subcontracts on these and other construction projects by submitting bids lower than its competitors.  SOS, Cynthia Oldfield, Brent Oldfield, and Frederick Oldfield then employ laborers for whom SOS does not remit contributions for all of the hours worked by the laborers on those projects.  For many of its laborers' hours, Defendants SOS, Cynthia Oldfield, Brent Oldfield, and Frederick Oldfield pay the laborers on the payroll of its alter egos and does not submit any remittance report or contributions to the Funds.

41.     Defendants SOS and Cynthia Oldfield informed employees that they should expect to receive paychecks from both SOS and Fieldstone in the course of their work on any SOS project.  The hours for which the employees are paid by SOS paychecks are reported to the Funds and contributions for those hours paid to the Funds.  However, the hours for which the employees are paid by Fieldstone paychecks are not reported to the Funds and no contributions for those hours are paid to the Funds.  Employees who objected to this practice were threatened with termination.

42.     Within the past year, approximately 25 foremen were called in to meet with the SOS owner Cynthia Oldfield.  At that meeting, Cynthia Oldfield told the foremen that she was going to issue Fieldstone checks to all of the laborers on the SOS payroll who had reached 1,000 reported hours.  She also said that on certain jobs, the employees should expect to receive at least one Fieldstone check every month and the foremen at the meeting should tell the other employees that they would be "Fieldstoned."   At the meeting, Ms. Oldfield also told the

foremen that a paycheck is more important than benefits, and if they don't like getting Fieldstone checks, they can leave.

43.     SOS's foremen hand out paychecks to SOS's laborers at the jobsites.  Routinely, the envelope containing the paychecks includes both SOS and Fieldstone checks, which are different colors.  There is no difference in the work being performed by the laborers who receive checks of one color instead of checks of another color.  All the laborers are listed on the SOS daily sign in sheets and on their individual SOS timesheets listing the hours they work each week.  On information and belief, all the laborers are covered by the same workers compensation insurance policy.  On information and belief, none of the general contractors on the jobsites were informed that SOS gives out periodic "Fieldstone" checks to the laborers on the jobsites.

44.     On information and belief, the SOS employees who have received "Fieldstone" paychecks have not signed W-4 forms for any employment with Fieldstone.

45.     SOS's place of business is located at 331 West Street in Milford, Massachusetts.  All the work and subcontracts are in the name of SOS and not Fieldstone, and the sign on the building is SOS, not Fieldstone.  The telephone is answered in the name of SOS and not Fieldstone.  All equipment used on jobsites, such as ladders, is labeled SOS and not Fieldstone.  With the exception of two recently-purchased vans, no equipment of any kind bears the name "Fieldstone."  There is no work or business being carried on in the name of "Fieldstone."

46.     In discussions with the Funds' Executive Director Barry McAnarney, Cynthia Oldfield has admitted to the practice of using the corporation Fieldstone as a way to avoid paying benefit contributions for laborers working on SOS jobs.

47.     Fieldstone and SOS Disaster are alter egos of SOS Corporation.  Contributions should be paid for all of the hours worked by the laborer employees – whether their paychecks

say "SOS" or "Fieldstone" or "SOS Disaster" – and all the hours should be reported to the Funds

on remittance reports.

48.     The Funds regularly audit signatory employers' books and records to determine

their compliance with their contractual obligations.  Defendants SOS, Cynthia Oldfield, Brent

Oldfield, and Frederick Oldfield have used the subterfuge of "Fieldstone" paychecks to avoid

paying benefit contributions for all of the laborer employees' hours worked in the jurisdiction.

The Funds requested an audit of the "Fieldstone" books and records, including all payroll

records, job locations, and tax returns.

49.     The Funds conducted an audit of Fieldstone's books and records for the past six

years ("Fieldstone Audit").  The principal benefit contributions owed for the past six years are as

follows:

    2010:  $799,049.50
    2009:  $752.369.00
    2008:  $459,223.14
    2007:  $305,469.95
    2006:  $648,817.70
    2005:  $323,753.19

The benefit contributions for the year 2006 are estimated based upon gross wages because

records were unavailable).  The principal benefit contributions owed for the six-year period

amount to $3,288,682.48.  The interest on the principal amount owed, if paid by March 20, 2011,

would be an additional $875,008.82.  The Funds' March 14, 2011 audit report of Fieldstone's

books and records is attached hereto as Exhibit E.

50.     Despite the Funds' demands, the defendants have failed and refused to pay the

benefit contributions and interest owed to the Funds.

51.     On information and belief, the owners of SOS and/or Fieldstone caused the

corporation Fieldstone to pay mortgage payments for property that was given to members of the

Oldfield family, without any reimbursement by the family members.  On information and belief, SOS/Fieldstone used their employee laborers to work on houses built on property that was given to members of the Oldfield family, without any payment of benefit contributions for the hours worked by those laborers in building those homes.  On information and belief, both SOS and Fieldstone gave large sums of money to members of the Oldfield family in exchange for demand notes on which no interest has been paid and no demands have been made.  On information and belief, these "loans to shareholders" were in the nature of gifts and/or salary on which no tax has been paid by the recipients.

## COUNT I - VIOLATION OF ERISA

52.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 51 above.

53.     The failure of the Defendants and each of them to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

54.     In paying SOS's employees for their work performed for SOS, Fieldstone and/or SOS Disaster are acting as SOS's alter egos.

55.     Section 502(g)(2) of ERISA provides that a fiduciary of a multi-employer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, audit fees and costs and other appropriate legal and equitable relief.  29 U.S.C. §1132(g)(2).

56.     Absent an order from this Court, SOS, Fieldstone, and SOS Disaster will continue to fail and refuse to pay all of the monies they owe to the Funds, as a result of which the Funds and their participants will be irreparably damaged.

57.     A copy of this Complaint is being served upon the Secretary of Labor and the

Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C.

§1132(h).

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENTS

58.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

through 57 above.

59.     The CBAs are agreements under §301 of the Labor Management Relations Act

("LMRA"), as amended, 29 U.S.C. §185.

60.     The failure of Defendants, and each of them, to make contributions to Plaintiff

Funds on behalf of all covered employees violates the terms of the CBAs.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.      Order the attachment of real estate standing in the name of SOS, Fieldstone, SOS

Disaster, Cynthia Oldfield, Brent Oldfield, and Frederick Oldfield;

b.      Order the attachment of the machinery, inventory, goods, and accounts receivable

of SOS, Fieldstone, and SOS Disaster;

c.      Enter a preliminary and permanent injunction enjoining Defendants SOS,

Fieldstone, SOS Disaster, Cynthia Oldfield, Brent Oldfield, and Frederick Oldfield from refusing

or failing to pay all contributions owed for all covered employees;

d.      Order SOS, Fieldstone, and SOS Disaster to make available to the Plaintiff Funds

or their duly authorized representative all of their payroll and contract-related records, including,

but not limited to, payroll tax returns, corporate tax returns, weekly payroll registers, certified

payrolls, cash disbursement journals; a complete listing of all job locations for the period

January 1, 2005 until the date of the Court's order; all time and materials slips, purchase orders

and receipts for all jobs worked between January 1, 2005 and the date of the Court's order; all for the purpose of ascertaining the amounts, if any, of unpaid contributions still owed for that period;

      e.     Enter a preliminary and permanent injunction enjoining SOS, Fieldstone, and SOS Disaster from refusing or failing to permit the Plaintiff Funds to audit these records as prayed for in the preceding paragraph;

      f.     Enter judgment on Counts I and II in favor of the Funds in the amount determined by the Court to be owed from January 1, 2005 to the present for benefit contributions for all hours worked by SOS/Fieldstone/SOS Disaster employee laborers, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 per cent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

      g.     Such further and other relief as this Court deems appropriate.

                                 Respectfully submitted,

                                   BARRY C. McANARNEY, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, *et al.*,

                                 By their attorneys,

                                  /s/ Kathryn S. Shea
Kathryn S. Shea, BBO #547188
Anne R. Sills,  BBO #546576
Segal Roitman, LLP
111 Devonshire Street, 5th Floor

Boston, MA  02109
(617) 742-0208 Ext. 230
kshea@segalroitman.com


Dated:  April 13, 2011

## **VERIFICATION**

I, Barry C. McAnarney, Executive Director for the Massachusetts Laborers' Benefit Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 13th DAY OF

APRIL, 2011.

                /s/ Barry C. McAnarney
                Barry C. McAnarney

KSS/as
6306 10-545/complt.doc